FILED

2011 OCT -3  PM 1:59

U.S. DISTRICT COURT Page 2
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF

HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District middle CT. myers |
|---|---|
| Name (under which you were convicted): John William Barker, III | Docket or Case No.: 03-4903CFB |
| Place of Confinement: Gulf C. I. annex | Prisoner No.: Y04769 |
| Petitioner (include the name under which you were convicted) John William Barker, III | Respondent (authorized person having custody of petitioner) v. Sec. Dept. of Corrections |

The Attorney General of the State of   Pamela Jo Bondi.

**PETITION**

2:11-CV-563-FtM-29SPC

1. (a) Name and location of court that entered the judgment of conviction you are challenging: The 20th Judicial Circuit in and for Lee County, Florida

    (b) Criminal docket or case number (if you know): 03-4903CFB

2. (a) Date of the judgment of conviction (if you know): Dec 21, 2005

    (b) Date of sentencing: Dec 21, 2005

3. Length of sentence: 15 yrs; Life

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☑    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Count 1, manslaughter; Home invasion Count 2.

6. (a) What was your plea? (Check one)

    (1)    Not guilty ☑

    (2)    Guilty ☐

    (3)    Nolo contendere (no contest) ☐

    (4)    Insanity plea ☐

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?

    Yes ☑ No ☐

9. If you did appeal, answer the following:

    (a) Name of court: District Court of Appeal (Second District)

    (b) Docket or case number (if you know): 2D06 - 442

    (c) Result: Affirmed with out opinion

    (d) Date of result (if you know): Oct 17, 2007

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: 1. sufficiency of evidence; 2 Prosecutor's Comment to designate the defense; Crawford Violation admitting Evidence hearsay; Refusing to give the Jury an Independent act instruction for the Home Invasion Robbery Charge

_____

(g) Did you seek further review by a higher state court?    Yes ☐ No ☑

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐   No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Twentieth Judicial Circuit for Lee County, Fla.

(2) Docket or case number (if you know): 03-490.3 CFB

(3) Date of filing (if you know): Sept 2, 2008

(4) Nature of the proceeding: Post Conviction, Fla. R. Crim. P. 3.850

(5) Grounds raised: All Ineffective assistance of Trial Counsel;
1. Failure to object to reinstructing the Jury;
2. Counsel asking the Court to Sentence defendant to life
3. Failing to object to Admission of Testimony (medical Ex.)
4. Failing to object to "refusal" to give Independent Jury test
Home Invasion Robbery; Preventing defendant from Testifying
on his behalf.

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☑

(7) Result: denied / summarily denied

(8) Date of result (if you know): Feb 17, 2010.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Twentieth Judicial Circuit, Lee County, Fla.

(2) Docket or case number (if you know): 03-490 36B

(3) Date of filing (if you know): march 19, 2009

(4) Nature of the proceeding: 3.853, DNA Testing

(5) Grounds raised: Basically, had this Evidence been tested it
would have produce definitive result, defendant
did not Commit the offenses.

Page 5

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: _denied_

(8) Date of result (if you know): _Feb 23, 2010, Appeal was denied April 11, 2010._

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _20th Judicial Circuit, Lee County_

(2) Docket or case number (if you know): _03-4903 CFB_

(3) Date of filing (if you know): _Dec 9, 2010_

(4) Nature of the proceeding: _3.800 (a) motion to Correct illegal sentence._

(5) Grounds raised: _i, no record in support enhancement as_
_either PRR or HFO; illegal Sentence under statute_
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: _denied_

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  Yes ☑ No ☐

(2) Second petition:  Yes ☑ No ☐

(3) Third petition:  Yes ☑ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _Post Con-_
_viction motion under 3.850 Denied. Appeal was denied_
_Jun 23, 2011._
_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _See pages 6A Though 6(G) for issues raised in This section that were raised on direct review_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _For more Supporting facts see 6(a) to 6(G), Petitioner's Initial brief on direct review / Respondent / Appellee's Answer brief on direct review_

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Page 6 (a)

## Ground one

Petitioner Contends That The Trial Court as well as The district Court erred when it denied The Petitioner's claim when in fact The State did not Prove. Petitioner Committed The Charged Crimes when The evidence only showed he was Present in The general area on The evening of The Crimes.

It is well Established That mere Presence alone will not Prove an accused is Guilty of a charged Crime, In addition, in order To proved guilty as a Principal, The State must Prove beyond a reasonable doubt That The accused had a Conscious intent That The Crime be done and 2) The defendant did incite, Cause, encourage, assist, or advise another Person To actually Commit The Crime.
In The Instant Case The State failed to Prove That The Petitioner Knew about, was Present during, or assisted with The Commission of The Crimes, The Trial Court as well as The district Court should have granted The motion for Judgment of acquittal for both Counts.
Federal review is warranted, because The Findings of both State Courts are Contrary To Established Federal law, because Circumstances That Create nothing more Than a strong Suspicion That The Petitioner Committed The Crime are not sufficient To Support a Conviction.

Page 6 (b)

See, WILLIAMS V. STATE, 143 So. 2d 484 (Fla. 1962). See Also Cox V. State, 555 So. 2d 352, 353 (Fla. 1990). in The Instant Case, merely placing petitioner in the general location helping his brother load some items in a blanket onto The Truck does not show petitioner knew The items were stolen, much less That he helped To kill someone To obtain Them or was inside The home from which They were gotten.

28 U.S.C. Section 2254 explicitly requires a federal Court To entertain an application for writ of habeas Corpus only on The ground That The petitioner is "in Custody in Violation of The Constitution or laws or Treaties of The united states." Section 2254 (a). Federal Courts may intervene in the State Judicial Process only To Correct wrongs of a Constitutional dimension. Wainwright V. Goode, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed. 2d 187, 192 (1983), citing Engle V. Isaac, 457 U.S. 1141, 73 L.Ed. 2d 1361, 102 S.Ct. 3474 (1982); Smith V. Phillips, 455 U.S. 209, 71 L.Ed. 2d 78, 102 S.Ct. 940 (1982).

Under Florida law, The State Trial Court should not grant a Fla. R. Crim. P. 3.380 motion for Judgment of acquittal unless The evidence is Such That no view which The Jury may lawfully Take of it

page 6 (c)

favorable to the opposite party can be sustained under the law. See Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). The standard of review is whether the trial court abuse its discretion in denying a motion for judgment of acquittal. Cox v. State, 764 So.2d 711 (Fla. 1st dca 2000). This facet of Florida law is not a component of the constitutional analysis governing a challenge to the sufficiency of the evidence. with regard to a due process analysis, Although each element of the offense must be established beyond a reasonable doubt, Bishop v. Kelso, 914 F.2d 1468, 1470 (11th cir. 1990)(citing Jackson, 443 U.S. at 316, 99 S.Ct. at 2787), see also Johnson v. Alabama, 256 F.3d 1156, 1172 (11th cir. 2001), citing Jackson, 443 U.S. at 326, 99 S.Ct. at 2792-93). The evidence in the instant case, basically only shows petitioner helped load items into his brother's truck. no evidence shows petitioner knew the items were stolen or that they were obtained during the brutal crimes committed by his brother. due process analysis is warranted in that petitioner was denied a fair trial by the state's courts abuse of discretion.

## Ground one (a)

Petitioner claims, that his federal constitutional

Page 6 (d)

Right To a Fair Trial was ignored, when the prosecutor was permitted to Comment on petitioner's Right To remain silent and to denigrate the defense during closing argument.

In This Case The state began its closing argument to the Jury by stating, "Ignorance can be bliss, but feigned Ignorance is not a very convincing defense in this case."

The supreme court has stated; "In Florida, we have adopted a very liberal rule for determining whether a comment constitutes a comment on silence; any comment which is 'fairly susceptible' of being interpreted as a comment on silence will be treated as such." State v. DiGuilio, 491 so. 2d 1129, 1135 (Fla. 1986). In This case in which The prosecutor's argument was fairly susceptible of being interpreted as a comment on silence, and The Trial court, in this weak evidentiary case, should have Granted mistrial.

The DiGuilio court additionally stated "comments on silence are high risk errors because There is a substantial likelihood That meaningful comments will vitiate The right To a Fair Trial by influencing The Jury verdict." DiGuilio, 491 so. 2d at

Page 6 (e)

1136; see also <u>Jones v. State</u>, 653 So.2d 1110, 1112
(Fla. 4th DCA 1995), see <u>Bertolotti v. State</u>, 476 So.2d
130 (Fla. 1985). Closing arguments "must not
be used to inflame the minds and passions of
the Jurors so that their verdict reflects an emotional
response to the Crime or the defendant rather
than the logical analysis of the evidence in light
of applicable law. Id. at 134. In the instant
case such comments denied petitioner a fair trial
a Constitutional right.

## Ground one (h) : Ground Three

Petitioner asserts he was denied his 5th,
6th, and 14th Amendments to the U.S. Constitution
when evidence of an Autopsy report was admitted
by ME. Dr. Rebecca Hamilton. Although she did not
perform the Autopsy, and in violation of the spirit
of <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004).

In the Instant Case the Trial Court permitted the
medical examiner to testify from the autopsy report
prepared by another medical examiner who had
moved to another state but was not shown to be
unavailable, in doing so acted contrary to
well established Federal Law. The United States

Page 6 (F)

Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004), held that "where testimonial evidence is at issue the sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."

The state relied on <u>Schoenwetter v. state</u>, 931 So.2d 857 (Fla. 2006) (witness did not testify as to any hearsay from the previous medical examiner).

Petitioner submits his claim for federal review, because the state Courts ignored established federal law, and the state Courts findings were unreasonable. here the right to Confront; to depose, were ignored and procedures used violate due process. moreover, "the state responded by stating that the autopsy report was a business record."

The Supreme Court held in <u>Crawford</u>, that the prosecution cannot present "testimonial statements those prepared for the primary purpose of being used at trial unless the defense has had an opportunity to cross-examine the author of the statement: more recently, the supreme Court in <u>Melendez-Diaz v. Massachusetts</u>, 129 S.Ct. 2527 (2009) held that, laboratory reports, such as those commonly used to identify illegal drugs are

Page 6 (G)

Testimonial under Crawford, and hence cannot be used to identify, as evidence at trial unless the prosecutor brings the lab tech in as a live witness whom the defense can then cross examine, moreover, the mere right of the defense to have called the analyst as its own witness does not defeat the state's obligation to produce that witness, since the confrontation clause requires that the state bear the consequences of any no-show by an analyst whose testimony the state must present in order to prove its case.

This error in the instant case cannot be deemed harmless beyond a reasonable doubt in this case where the medical examiner testified that blunt trauma was the cause of death. Although the cause of death was not in dispute, the state was required to prove that the victim had died and the medical examiner testimony from the non-testifying medical examiner was essential in establishing proof of the required element of the victim's death. Since the hearsay evidence admitted established an essential element of the murder charge. The error is a serious deprivation of Constitutional Right, as Established by Federal law; Supreme Court Authority.

Page 7

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

    Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** ___See pages 7-(a) To_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

Page 7 (a)

## Ground Two

Petitioner was denied his Constitutional Rights under the sixth, and fourteenth Amendments to the U.S. Constitution, as well as the Right to effective assistance when defense Counsel prevented the petitioner from Testifying in his own behalf even though he Expressed desire to do so.

Prior to the Trial the defendant / Petitioner discussed a plan of Trial strategy with his defense Counsel. He specifically wanted his Defense counsel to ask certain questions to the state's witnesses.

As a Key point, the petitioner expressed to his defense Counsel that he wanted to Testify in his own behalf because he did not participate in the crimes he was charged with. Further, the petitioner pointed out that although there may be circumstantial evidence of his guilt, there was no evidence which proved he was ever at the crime scene itself.

It should be noted that, when the client, though, after intelligent discussion of the facts in the case and the elements of the charge specifically Tells his lawyer what he chooses to be a defense in the Case, then the defense attorney has a duty

Page 7 (b)

To help That along in Good Faith for The client.

The Two-part Standard set forth in <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066,
80 L.Ed.2d 674 (1984), governs This Claims of
Ineffective assistance of Counsel. Petitioner has
The burden of showing 1) "Counsel's representation
fell below an objective standard of reasonableness,"
and 2) "There is a reasonable probability That,
but for Counsel's unprofessional errors, The result
of The proceeding would have been different," <u>Strickland,</u>
466 U.S. at 694, 104 S.Ct. at 2068.

Petitioner asserts That a Criminal defendant's rights
To Testify is a fundamental right under both The
Florida and United States Constitution. <u>Deaton v. Dugger,</u>
635 So.2d 4, 8 (11th cir. 1993). In The Instant Case
Counsel's actions in not protecting The defendant's
right To Testify, defense Counsel's Performance fell
below The Constitutional minimum, Thereby Violating
The first prong of The <u>Strickland</u> Test. No waiver
of The right To Testify is Knowing and voluntary.
Under such Circumstances, defense Counsel has not
acted "within The range of Competence demanded
of Attorneys in Criminal Cases" and The defendant
Clearly has not received reasonably effective
assistance of Counsel. <u>Strickland</u>, 466 U.S. at 687

Page 7 (cc)

(quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970).

Upon this basis, and the States Courts application of Strickland, for which when applied to the facts of the instant Case were unreasonable, because it is clear on the record, defense Counsel was Ineffective within the scope of the Petitioner's sixth Amendment right to effective assistance of Counsel and thus Prejudiced. Petitioner moves for Federal review and Relief through this Petition.

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐ No ☐

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
   _____
   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☑ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _3. 850 Post Conviction_____

   Name and location of the court where the motion or petition was filed: _20th Judicial Cir._
   _Lee County Fla_____

   Docket or case number (if you know): _03-4903CFB_____

   Date of the court's decision: _Feb 17, 2010, belated appeal denied Jun 23, 2011_

   Result (attach a copy of the court's opinion or order, if available): _See pages 8(a) To 8(e)_
   _____

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐ No ☑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☑ No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☑ No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _Second District_____
   _____

   Docket or case number (if you know): _2D10 - 1492_____

   Date of the court's decision: _August 11, 2010_____

   Result (attach a copy of the court's opinion or order, if available): _See page 8 F, For_
   _____
   _____

8- B

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                         CRIMINAL ACTION

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 03-4903 CFB |
|  | ) |  |
| JOHN W. BARKER, III, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## ORDER DENYING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

THIS CAUSE came before the Court on Defendant's Motion for Postconviction Relief
filed by Defendant on September 2, 2008, pursuant to Florida Rule of Criminal Procedure 3.850.
Having reviewed the motion, the case file, the State's response, Defendant's reply and
supplemental authority, and the applicable law, the Court finds as follows:

1. Defendant was convicted by jury of one count of home invasion robbery and one count
of manslaughter. On December 21, 2005, Defendant was sentence as a Habitual Felony Offender
(HFO) to life for home invasion robbery, and to 15 years as a Prison Releasee Reoffender (PRR)
for manslaughter. Defendant's convictions and sentences were affirmed on appeal on November
9, 2007. Thereafter, Defendant filed this timely 3.850 motion

2. Defendant raised five allegations in his motion. Specifically, Defendant alleged that
trial counsel was ineffective for:

1) asking the trial court to sentence Defendant to life under the HFO statute when
a life sentence was permitted and not mandatory;
2) failing to properly preserve a prosecutorial comment on Defendant's right to
remain silent when trial counsel failed to object or ask for a curative instruction;
3) failing to object to the admission of testimony by a medical examiner who did
not perform the autopsy on the victim or prepare the report, which violated
Defendant's right to confront witnesses;
4) failing to object to the trial court's failure or refusal to give the jury instruction
concerning "Independent Act" concerning the charge of home invasion robbery
and, thereby, failing to preserve the issue for appeal;
5). preventing Defendant from testifying on his own behalf by employing a
different defense strategy.

2010 FEB 17 PM 3:43

⑥⓪

3. The benchmark for judging claims of ineffectiveness of counsel is whether counsel's performance undermined the proper functioning of the adversarial process, thereby, producing a result which cannot be relied on, that is, but for the deficient performance the outcome would be different. Strickland v. Washington, 466 U.S. 668 (1984); Williamson v. Dugger, 651 So. 2d 84 (Fla. 1994); Cabrera v. State, 766 So. 2d 1131 (Fla. 2d DCA 2000). An attorney's performance must be reasonable under the prevailing professional norms, when considering all of the circumstances viewed from the attorney's perspective at the time of trial. Cabrera at 1133. There is a strong presumption of reasonableness which the defendant must overcome. Id.

4. In Defendant's first allegation, Defendant alleged that trial counsel was ineffective for asking the trial court to sentence Defendant to life under the HFO statute when a life sentence was permitted and not mandatory. This allegation is conclusively refuted by the record. Defense counsel was not asking the Court to sentence Defendant to a life sentence on the home invasion robbery charge, counsel was, in fact, asking the Court to sentence Defendant to concurrent sentences instead of consecutive sentences as the State was requesting. See a copy of the sentencing transcript, pp 10-11, attached hereto.

5. In Defendant's second allegation, Defendant alleged that trial counsel was ineffective for failing to properly preserve a prosecutorial comment on Defendant's right to remain silent when trial counsel failed to object or ask for a curative instruction. This allegation is also conclusively refuted by the record. This allegation involved a statement made during the State's closing argument. The record shows that counsel did object and move for a mistrial, which the Court denied finding that the State's reference to Defendant was improper but the reference to the defense itself was permissible. See trial transcript pp.136-137, attached hereto. Counsel's failure to convince the Court to rule in his favor does not constitute ineffective assistance. See State v. Lewis, 838 So. 2d 1102 (Fla. 2002); Swafford v. State, 828 So. 2d 966 (Fla. 2002).

6. In Defendant's third allegation, Defendant alleged that trial counsel was ineffective for failing to object to the admission of testimony by Dr. Hamilton, a medical examiner who did not perform the autopsy on the victim or prepare the report, which violated Defendant's right to confront witnesses. However, this allegation is without merit. Dr. Hamilton was qualified as an

2

61

8 - d

expert and the record shows that Dr. Kelly was unavailable to testify. See trial transcript pp.151-159, attached hereto. Moreover, counsel did object to the fact that "she is going to testify about an autopsy she did not conduct." See p. 162, attached hereto. In addition, even if counsel had not objected, he would not have been ineffective for failing to raise a confrontational clause objection because the objection would have lacked merit. See Schoenwetter v. State, 931 So. 2d 857 (Fla. 2006) (finding that the trial court did not abuse its discretion in allowing a medical examiner who did not perform the autopsy to testify when the original medical examiner was unavailable to testify and the testifying examiner was a qualified expert who have reviewed the autopsy reports, photos, and notes).

7. In Defendant's fourth allegation, Defendant alleged that trial counsel was ineffective for failing to object to the trial court's failure or refusal to give the jury instruction concerning "Independent Act" concerning the charge of home invasion robbery and, thereby, failing to preserve the issue for appeal. Again, Defendant's allegation is conclusively refuted by the record. Defense counsel did request the Independent Act instruction and the Court granted that instruction as to the second degree murder charge but denied it as to the home invasion robbery charge. See trial transcript pp126-136, attached hereto. A timely request for a jury instruction is sufficient to preserve the issue and counsel was not obligated to object further following the court's denial of the request. Rodriguez v. State, 789 So. 2d 513, 515 (Fla. 5th DCA 2001).

8. In Defendant's fifth allegation, Defendant alleged that trial counsel was ineffective for preventing Defendant from testifying on his own behalf by employing a different defense. strategy. Specifically, Defendant had his own defense strategy, which would have allowed him to testify, but that counsel without Defendant's consent pursued an alternative defense strategy, "which would have resulted in perjury were the Defendant to subsequently testify." Defendant fails to state what part of the defense strategy prevented him from testifying, nor does he allege that counsel prohibited him from testifying on his own behalf. In fact, Defendant acknowledges that he chose not to testify because his testimony would have constituted perjury. "Whatever the scope of a constitutional right to testify, it is elementary that such right does not extend to testifying falsely." Nix v. Whiteside, 475 US 157, 173 (1986). Moreover, there is a lengthy

3

62

8 E

exchange concerning the theory of the case on a judgment of acquittal at which Defendant was present. At the conclusion of that exchange, Defendant was asked if he wished to testify and he replied no. See trial transcript pp 175-184, attached hereto. Nor did Defendant express any dissatisfaction with counsel's defense theory or the fact that he could not testify because of it.

9. Based upon the foregoing, Defendant has failed to meet his burden in showing that counsel's performance was deficient or that he was prejudiced by any actions or inactions by counsel in accordance with Strickland. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's 3.850 motion is DENIED. Defendant has the right to appeal this order within 30 days of the date the order is rendered.

**DONE AND ORDERED** in chambers at Fort Myers, Lee County, Florida this 16th day of February, 2010.

Thomas S. Reese
Circuit Judge

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above order has been furnished to John Barker, III, DC #Y04769, Gulf Correctional Institution, 500 Ike Steele Rd., Wewahitchka, Florida 32465; Postconviction Section of the State Attorney's Office, P.O. Box 399, Fort Myers, Florida 33902; and Administrative Office of the Courts (IV), 1700 Monroe Street, Fort Myers, Florida 33901 this 18th day of February, 2010.

CHARLIE GREEN
Clerk of Court

By: _____
Deputy Clerk

4

63

8-5.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF·FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN WILLIAM BARKER, III,      )
                                  )
       Appellant,        )
                                  )
v.                           )     Case No. 2D10-1492
                                  )
STATE OF FLORIDA,         )
                                  )
       Appellee.        )
                                  )

Opinion filed August 11, 2010.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Thomas S. Reese, Judge.

PER CURIAM.

      Affirmed.

ALTENBERND, KELLY, and LaROSE, JJ., Concur.

FILED

SEP 10 2010

CHARLIE GREEN, CLERK
CIRCUIT/COUNTY COURTS
BY_____D.C.

(170)

Page 9

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _See Pages 9.(c) Through 9._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_See Pages 9.(c) Through 9._

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _3.853  DNA testing_

Name and location of the court where the motion or petition was filed: _20th Judicial_

_Circuit Court, Lee County, Florida_

page 9 (a)

## Ground Three

Petitioner asserts the state courts denied him access to DNA testing as afforded by Fla. Stat.

Petitioner requested DNA testing performed on hair which would be found on two articles of clothing, a red stocking cap and a brown fabric glove. Those items were never tested, had they been tested it would have helped the defense theory

Petitioner is innocent of the crimes with which he was charged and DNA testing of the apparent hairs from the red stocking cap and brown fabric glove will exonerate him from the crime with which he stands convicted.

The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures. Henderson, 353 F. 3d at 891 (quoting Judd v. Haley, 250 F.3d at 1313). Pre-AEDPA decisions from the supreme court establish the framework governing procedural default in federal habeas cases.

The instant claim was raised in the state's courts

Page 9 (b)

and in this petition the petitioner claims that review is necessary to correct a fundamental miscarriage of Justice. Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); Henderson v. Campbell, 353 F.3d at 892. This Exception is only available in an extraordinary Case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. Henderson, 353 F.3d at 892. In the instant petition the petitioner asserts that it is more likely than not that no reasonable Juror would have convicted him of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner here in the instant petition claims that this claim is credible, and its based on new evidence, that he is being denied, "reliable evidence not presented at trial. Calderon, 523 U.S. at 559 (quoting Schlup, 513 U.S. at 324).

Page 10

Docket or case number (if you know): _O.3 - 4903 CFB_

Date of the court's decision: _Feb 22, 2010_

Result (attach a copy of the court's opinion or order, if available): _See Pages 10 b to 10 E for a copy of order_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** _See Pages 10 (d) to 10_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Page 10 (a)

## Ground Four

Petitioner asserts There is no record to support enhancement of his sentences as either a PRR or HFO.

This claim was raised pursuant to Fla.R.Crim.P. 3.800 (a) and The states courts denied the claim based on The findings That "The record refutes This claim." Petitioner disagrees and federal review is warranted because The petitioner is being illegally detained. and The law used is contrary to federal standards.

This claim was exhausted and petitioner seeks Review.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                    CRIMINAL ACTION

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| | ) | 6 . b |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-4903 CFB |
| | ) | |
| JOHN W. BARKER, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S 3.853 MOTION

THIS CAUSE comes before the Court on a "Motion for Post-Conviction DNA Testing"

filed by Defendant on March 19, 2009, pursuant to Fla. R. Crim. P. 3.853. Having reviewed the

motion, the case file, the State's response, Defendant's reply, and the applicable law, the Court

finds as follows:

1. Defendant is requesting to have DNA testing performed on hair, which would be found

on two articles of clothing, a red stocking cap and a brown fabric glove. Defendant alleges that

the two articles of clothing are in the custody of either the Lee County Sheriff's Office or the

Florida Dept. of Law Enforcement. Defendant further alleges that the items were never tested,

and that if they are tested, the results would definitely establish that Defendant was not the

person who committed the crimes. Defendant also alleges that the identity of the perpetrator was

a genuinely disputed issue at trial. However, Defendant concedes that:

> State witnesses provided direct testimony indicating the Defendant had worn the
> red stocking cap and brown fabric glove during the crime in question. The State
> introduced the red stocking cap (via exhibit) as evidence against the Defendant at
> trial and relied upon such evidence to bolster their witnesses testimony at trial . . .
> If DNA testing established that the hair on these objects does not belong to the
> Defendant, such hair would be evidence suggesting that another party was
> involved in the crime.

See Defendant's motion p. 3.

Exhibit ___D___

10 - C

2. The State submits that Defendant is not entitled to DNA testing, because Defendant cannot demonstrate a reasonable probability that he would have been acquitted or given a lesser sentence if DNA evidence had been admitted at trial, and that identity of the perpetrator was not a genuinely disputed issue in the case.

3. When ruling on a 3.853 motion, the Court should make findings on three factors: 1)Whether the physical evidence that may contain DNA evidence still exists; 2) Whether the results of DNA testing of the physical evidence would be admissible at trial and whether there is reliable proof to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing; 3) Whether there is a reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.

4. Case law provides that in order to succeed on a 3.853 motion, the defendant must show that if DNA was previously tested, the results were inconclusive, that the identification of the perpetrator was a genuinely disputed issue in the case, and that the DNA evidence would either exonerate the defendant or mitigate his sentence. Houston v. State, 931 So. 2d 205, 207 (Fla. 5th DCA 2006).

5. The State submits that the evidence in this case, including the two items, no longer exists, which normally would require the Court to hold an evidentiary hearing. Even an affidavit stating that the DNA evidence no longer exists, would serve only to create a factual dispute that must be resolved by an evidentiary hearing. Jakeway v. State, 884 So. 2d 290, 291 (Fla. 2d DCA 2004). However, the State contends that there is no reasonable probability that Defendant would have been acquitted or received a lesser sentence had DNA testing been conducted, based upon

2

10 - d

the fact that the evidence showed that Defendant was not the sole perpetrator and identity was not an issue in this case. Furthermore, the State submits that even if the DNA evidence showed that "another party was involved in the crime," that fact would not have exonerated Defendant. Likewise if DNA testing showed that the hair did not belong to Defendant, it would not have exonerated Defendant given the facts of the case.

6. Trial testimony showed that a good friend of Defendant's, Diane Mullings, testified that she saw Defendant every day and around the time of the crime. Mullings further testified that Defendant, his brother, and his brother's girlfriend were at her house when she overheard Defendant's brother and his girlfriend planning a robbery. Later that same day, she testified that she personally witnessed Defendant change clothes and put on a red cap, sweater, and brown gloves, then leave with his brother and girlfriend. She identified the red cap introduced at trial as the one worn by Defendant when he left her house that day. See trial transcript pp 33-38, attached hereto.

7. Another friend of Defendant's, Danny Hildebrand testified that on the same day, he was asked to drive to and drop off Defendant and his brother on the same street in which the victim lived. Hildebrand recalled that one of the brothers was wearing a red cap. See trial transcript pp 114-124, attached hereto.

8. In addition, it is also doubtful that the evidence would have been admissible. The fact that the hat was found in a trailer that belonged to a friend of Defendant's and that the gloves were found in trash taken from Diane Mullings' home, would certainly negate the impact of DNA testing on the hairs found on them because of the circumstances under which the items were retrieved. See Tompkins v. State, 872 So. 2d 230 (Fla. 2003) (holding that postconviction DNA testing was not warranted where the physical evidence to be tested was unreliably

3

Filed Lee County Clerk of Courts - Criminal Division

10 - E

contaminated due to the unprotected location of the victim's remains).

9. Therefore, even if the DNA on the items did not match Defendant's, or if it matched another person, it would not have exonerated Defendant or mitigated Defendant's sentence, in light of the testimony and facts of this case. Moreover, contrary to Defendant's allegation and as evidenced by the record, identification was not a genuinely disputed issue in this case, the issue was what was the degree of Defendant's participation in the crime. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's 3.853 motion is **DENIED.** Defendant has within 30 days to appeal this decision after it is rendered.

**DONE AND ORDERED** in chambers at Fort Myers, Lee County, Florida, this _22nd_ day of _February_, 2010.

Thomas S. Reese
Circuit Judge

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above order has been furnished to John W. Barker, III, DC #Y04769, Gulf Correctional Institution, 500 Ike Steele Rd., Wewahitchka, Florida 32465; Postconviction Section State Attorney's Office, P.O. Box 399, Fort Myers, Florida 33902; and Administrative Office of the Courts (IV), 1700 Monroe Street, Fort Myers, Florida 33901 this _23rd_ day of _February_, 2010.

CHARLIE GREEN
Clerk of Court
By: _____
Deputy Clerk

4

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327

10 - 8.

June 23, 2011

**CASE NO.: 2D11-2480**
L.T. No. : 03-4903-CFB

John W. Barker, I I I                    v.          State Of Florida

_____

Appellant / Petitioner(s),                    Appellee / Respondent(s).

## BY ORDER OF THE COURT:

Petitioner's petition for belated appeal is denied.

CASANUEVA, C.J., and WHATLEY and VILLANTI, JJ., Concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

John  W. Barker, I I I        Attorney General        Charlie  Green, Clerk

ag

James Birkhold
Clerk

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ✓   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☑   No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: 3.800 (a)

   Name and location of the court where the motion or petition was filed: 20th Judicial

   Circuit Court

   Docket or case number (if you know): 03 - 490.3CFB

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐   No ☑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☑   No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☑   No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: Second district Court

   of Appeal

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ___—

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☑ No ☐
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ___—

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐ No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

Page 13

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ____Robert C. Hill Jr.____

(b) At arraignment and plea: ____Same - went to trial____

(c) At trial: ____Same____

(d) At sentencing: ____Same____

(e) On appeal: ____Carol J. Y. Wilson Assistant Public defender____
____Bartow Fla.____
(f) In any post-conviction proceeding: ____Pro se'____

(g) On appeal from any ruling against you in a post-conviction proceeding: ____Pro se'____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

Page 14

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Pursuant to 28 U.S.C. Section 2244(d) the instant Petition is timely, as this Court knows a Petition for writ of habeas corpus must be filed within one year of the date the Petitioner's judgment becomes final. In that time one must also add the time for filing a Petition for writ of Certiorari with the United States Supreme Court see Kaufman v. United States, 282. F. 3d 1336, 1338 (11th cir 2002). However that time period is tolled while any properly filed state Post Conviction Proceedings are pending. In the case at bar, The Petitioner filed his Post Conviction motion within the year, while that was still pending in the Circuit Court, he filed a 3.853 motion, Appeals were taken on those, one as already mentioned through a belated proceeding, Petitioner also had filed a 3.800 (a) that did not conclude till Jun 2011. Therefore, Petitioner submits his Petition in a timely manner.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _That The Honorable Court Grant a mandatory hearing or in the alternative Grant a new Trial_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _September 20, 2011_ _____ (month, date, year).

Executed (signed) on __9/20/11__ (date).

×_John Banker III_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

• • • • •