```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOHN WILLIAM BARKER, III,

               Petitioner,

vs.                                     Case No. 2:11-cv-563-FtM-29SPC

SECRETARY, DOC,  FLORIDA ATTORNEY
GENERAL,

               Respondents.
_____

## OPINION AND ORDER

Petitioner John William Barker, III ("Petitioner" or "Barker"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on September 20, 2011.[1]  Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #5), Respondent filed a limited response on

---

[1] The Petition (Doc. #1) was filed in this Court on October 3, 2011, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

February 2, 2011, seeking dismissal of the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[2] <u>See</u> Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #6, Response) at 1. Respondent submits exhibits (Exhs. 1-11)

---

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-2-

in support of the Response. See Appendix to Exhibits (Doc. #8-1 at 1-2). Petitioner was given admonitions and a time frame to file a reply to the Response (Doc. #5), but elected not to file a reply. See generally docket. This matter is ripe for review.

Barker challenges his **December 21, 2005,** conviction for Manslaughter (Count I) and Home Invasion Robbery (Count II) entered by the Twentieth Circuit Court, Lee County, Florida for which he was sentenced to 15 years imprisonment on Count I and Life on Count II. Exh. 1. Barker's sentences and conviction were *per curaim* affirmed on direct appeal on October 17, 2007. Exh. 4; Barker v. State, 967 So. 2d 205 (Fla. 2d DCA 2007). Consequently, Barker's state conviction became final on Tuesday, **January 15, 2008**. See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[3] This was after the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on Thursday, January 15, 2009.[4] Consequently,

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[4] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

the Petition filed in this Court would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **231 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on **September 2, 2008.** Exh. 5. On February 17, 2010, the post-conviction trial court denied the motion. Exh. 5. Petitioner did not appeal the adverse ruling so the order was final on **March 19, 2010.**

On March 19, 2009, while Barker's Rule 3.850 motion was pending, he filed a motion for post-conviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. Exh. 6. On February 23, 2010, the post-conviction court denied the Rule 3.853 motion, and the appellate court per curiam affirmed on August 11, 2010. Exh. 7; Barker v. State, 42 So. 3d 238 (Fla. 2d DCA 2010). Mandate issued on September 8, 2010. Exh. 8. Nonetheless, Barker garners no tolling for his Rule 3.853 motion, because a motion for DNA testing is not considered "an application for post-conviction or other collateral review with respect to the pertinent judgment, for

-4-

purposes of the AEDPA tolling statute." Brown v. Sec'y, Fla. Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008).

Thus, Barker permitted another **265 days** to expire until he filed his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 **on December 9, 2010**. Exh. 1. The post-conviction court denied the Rule 3.800 motion on October 15, 2011. Exh. 9. Barker did not appeal the adverse ruling. However, Barker does not benefit from the filing of his Rule 3.800 motion because the federal limitations had already expired by the time Barker filed this motion. Once the AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Similarly, Barker does not benefit from his May 17, 2011 petition for belated appeal on his Rule 3.850 motion, Exh. 10, which was denied by the appellate court on June 23, 2011. Exh. 11; Barker v. State, 65 So. 3d 520 (Fla. 2d DCA 2011). More specifically, any post-conviction filings by Petitioner after **Monday, August 2, 2010**,[5] the date Barker's federal limitations period expired, "cannot toll that period because there is no period remaining to be tolled." Tinker, 255 F.3d at 1333.

---

[5] Because the one-year limitations period expired on Saturday, July 31, 2010, the Court affords Barker until the next business day to file an application for post-conviction or collateral review.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner offers no explanation or argument as to why he should be entitled to equitable tolling. Instead, Barker incorrectly assumes that he is entitled to tolling for his Rule 3.853 motion and the filing of his motion for a belated appeal. Petition at 36.

Based upon the foregoing, the Court finds the Petition is time barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of July, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record